UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-00224-CRS-RSE

TERESA J.                                                                CLAIMANT

v.

FRANK BISIGNANO,                                                         DEFENDANT
*Commissioner of Social Security*

## MEMORANDUM OPINION AND ORDER

Teresa J. ("Claimant") applied for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act. The Commissioner of Social Security denied her application. Claimant appealed from that decision to this Court pursuant to 42 U.S.C. § 405(g). This matter was referred to United States Magistrate Judge Regina S. Edwards for preparation of a report and recommendation. Magistrate Judge Edwards has recommended that the Commissioner's decision be affirmed. 04/14/2026 Report, DN 20. Claimant filed timely Objections to the Report. 04/28/2026 Objections, DN 21. For the reasons set forth below, the Court will overrule those objections.

## BACKGROUND

Based on physical and mental health conditions, Claimant applied for disability insurance and supplemental security income benefits on January 16, 2023. Claimant's application was denied at both the initial and reconsideration levels. After conducting a remote hearing, an administrative law judge ("ALJ") issued an unfavorable decision on April 2, 2024.

### A.  ALJ Jones' Decision

In reaching his decision, ALJ Jones determined that Claimant suffered from the following severe impairments: degenerative disc disease, right and left knee osteoarthritis, cutaneous and subcutaneous lupus erythematosus, asthma, obesity, PTSD, anxiety, and depression. Transcript,

DN 8 at PageID# 44. However, he determined that these impairments did not meet or medically equal the severity of any one of the listed impairments in the Social Security regulations. *Id*. at PageID# 45–47. Then, after considering all the evidence, ALJ Jones determined that Claimant has the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> claimant can lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently; claimant can stand/walk two hours of an eight-hour workday and sit for six hours of an eight-hour workday; claimant can occasionally climb ramps/stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, or crawl; occasionally work in extreme heat, extreme coldness or humidity; never work around concentrated dust, odors, fumes, gases, and other pulmonary irritants; can perform simple, routine, repetitive tasks; can make simple work related decisions; frequently interact with co-workers, supervisors, and general public; and can respond appropriately to changes in a routine work setting, defined as having the ability to regulate emotions, control behavior, and maintain well-being in a work setting.

*Id*. at PageID# 47–52. As a result of these limitations, ALJ Jones determined that Claimant could not perform her past relevant work. *Id*. at PageID# 52–53. He found that a significant number of jobs existed in the national economy that Claimant can perform. *Id*. at PageID# 53–54. Thus, ALJ Jones concluded that Claimant was not disabled pursuant to the SSA and denied her claims.

The Appeals Council declined Claimant's request for review on March 11, 2025. Thus, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a). Claimant, through counsel, filed a Complaint before this Court seeking review of ALJ Jones' decision on April 21, 2025. Complaint, DN 1. The Court referred the case to Magistrate Judge Regina Edwards to issue a report and recommendation. In that Report, Magistrate Judge Edwards rejected Claimant's arguments and recommended that the denial of benefits be affirmed. Report, DN 20.

### B.  Magistrate Judge Edwards' Report

Claimant raised two issues before Magistrate Judge Edwards. First, that the ALJ impermissibly relied on raw medical data to support the RFC determination, and second, that the ALJ failed to properly evaluate the opinion of Dr. Whitten. Opening Brief, DN 14. The pertinent portions of these arguments are explained below.

### 1.  The ALJ's RFC determination

Claimant asserted that the ALJ rejected the only medical opinions of record and improperly relied on raw medical data to determine her RFC. She contended that because the ALJ determined the RFC without using a medical opinion, this violated a requirement to supplement the record as set out in *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 911 (N.D. Ohio 2008). Magistrate Judge Edwards rejected Claimant's arguments. Report, DN 20. For *Deskin* to apply, the ALJ would have had to make an RFC determination based on no medical source opinion, which she concluded that he did not do in this case.

*Deskin* articulated the following:

> As a general rule, where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing.

605 F. Supp. 2d at 912. Subsequent courts determined that the "*Deskin* rule" only applies narrowly in two circumstances: "(1) where an ALJ made an RFC determination based on no medical source opinion; or (2) where an ALJ made an RFC determination based on an outdated source opinion that did not include consideration of a critical body of objective medical evidence." *Branscum v. Berryhill*, No. 6:17-CV-345-HAI, 2019 WL 475013, at *11 (E.D. Ky. Feb. 6, 2019). The magistrate judge concluded that neither circumstance applied. She explained that ALJ Jones

3

considered the State agency consultants' opinions of record and disagreed with them in several respects. However, ALJ Jones was not required to supplement the record unless he found the evidence of record to be insufficient to assess the RFC. Report, DN 20 at PageID# 1182 (citing *Landsaw v Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (citing 20 C.F.R. § 416.917(a)). The magistrate judge found that ALJ Jones "properly weighed the evidence of record to find that Claimant was more physically limited than any physician had opined." *Id*. at PageID# 1184. In doing so, the ALJ referenced Claimant's subjective reports and medical evidence of record, to include results from Claimant's primary care doctor who reviewed diagnostic imaging. *Id*. at PageID# 1185. Accordingly, she concluded that he did not rely on raw medical data. Finally, she found that substantial evidence supported the RFC, and thus, the decision to not supplement the record was not an abuse of discretion. *Id*.

Claimant objects to this conclusion. She asserts that the magistrate judge misapplied the law in determining that the "ALJ did not make an RFC determination based on no medical source opinion and seemingly adopts the Commissioner's *post hoc* rationalizations for support of the RFC." Objections, DN 21 at PageID# 1197 (citing Report, DN 20 at PageID# 1184–87).

**2. The ALJ's evaluation of Dr. Whitten's opinion**

Next, Claimant argued before the magistrate judge that the ALJ failed to properly evaluate Dr. Whitten's medical opinion. Dr. Whitten performed Claimant's mental consultative examination on April 13, 2023. One of Dr. Whitten's conclusions was that Claimant "would not be able to function in a job with low stress and minimal interaction with the public." He also stated that "with consistent and appropriate behavioral healthcare services, [Claimant] may be able to function adequately within employment settings that do not require significant physical effort, maintains limited contact with the general public, and with ongoing vocational support services."

Transcript, DN 8 at PageID# 1111. Claimant took issue with the ALJ's decision to omit these limitations from the RFC. She contended that the ALJ was required to provide sufficient articulation as to why the limitations were not adopted. Initial Brief, DN 14 at PageID# 1138–40.

Magistrate Judge Edwards also rejected this argument. She explained that the ALJ did recount the limitations in question. But pursuant to 20 C.F.R. § 404.1520c(b)(2), "ALJ Jones was not required to articulate how he 'considered each medical opinion [] finding from one medical source individually.'" Report, DN 20 at PageID# 1193. Moreover, "an ALJ need not 'list out' each of an opining physician's individual remarks where he summarizes the opinion and explains the persuasiveness of the opinion in accordance with the regulations." *Id*. (quoting *Napier v. Comm'r of Soc. Sec.*, 127 F. 4th 1000, 1007 (6th Cir. 2025)). Magistrate Judge Edwards further concluded that the ALJ's overall analysis of Dr. Whitten's opinion complied with regulations and was supported by substantial evidence in the record. *Id*. at PageID# 1193–94.

Claimant objects to this conclusion. She asserts that the magistrate judge misinterpreted the regulations and engaged in improper *post hoc* rationalization to support her conclusion.

The Commissioner did not file a Response to Claimant's Objections and the time for doing so has passed. Thus, the Court will now consider those objections below.

## **STANDARD OF REVIEW**

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010) (citation omitted). A district court reviews *de novo* review the portions of a magistrate judge's report and recommendation to which a claimant has filed timely and specific written objections. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Objections must "pinpoint those portions of the" magistrate judge's "report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636,

637 (6th Cir. 1986). Finally, after reviewing the objections, the district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

### A.  Objection One

Claimant objects to "the Magistrate Judge's findings that the substantial evidence supported the ALJ's RFC, and his decision not to obtain further medical or expert opinions was not an abuse of discretion." Objections, DN 21, at PageID# 1197. Claimant brings two arguments in support of this objection: that the magistrate judge (1) misapplied the law, and (2) improperly engaged in *post hoc* rationalization to support the ALJ's RFC determination. The Court finds neither persuasive.

First, Claimant asserts that the magistrate judge misapplied the law—specifically, the *Deskin* rule. Claimant argues that *Deskin* requires the ALJ to further develop the record with additional medical opinions because he determined the RFC based on no medical opinion. But Claimant only makes a bare assertion that the magistrate judge "misapplie[d] the [*Deskin*] criteria." *Id*. at PageID# 1197. She does not explain how or provide any authoritative support as justification. And the Court is under no obligation to develop this argument on Claimant's behalf. *See United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citations omitted)). Nevertheless, the Court finds no error.

As Magistrate Judge Edwards explained, the record contained opinions from State agency medical consultants who opined on Claimant's functional limitations. Report, DN 20 at PageID# 1183. She found that the ALJ considered those opinions alongside other subjective reports and medical evidence of record. *Id*. Although the ALJ disagreed with portions of the opinions, "[a]n

6

opinion does not cease to exist simply because the ALJ did not adopt them." *Fergus v. Comm'r of Soc. Sec.*, No. 5:20-CV-02612-CEH, 2022 WL 743487, at *10 (N.D. Ohio Mar. 11, 2022. Furthermore, the ALJ's decision was consistent with the applicable regulations. "[T]he regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." *Landsaw*, 803 F.2d at 214 (citing 20 C.F.R. § 416.917(a)). Here, Magistrate Judge Edwards detailed how ALJ Jones had sufficient record evidence to make his RFC determination and, therefore, he did not need to supplement the record. Report, DN 20 at PageID# 1183–85. Thus, the Court finds no error.

Second, Claimant suggests in a conclusory fashion that the magistrate judge "seemingly adopts the Commissioner's *post hoc* rationalizations for support of the RFC." Objections, DN 21 at PageID# 1197 (citing Report, DN 20 at PageID# 1184–87). But Claimant does not articulate how the magistrate judge substituted her reasoning for the ALJ's. *See id*. The Court may not develop Claimant's argument for her. *See Layne*, 192 F.3d at 566. In any event, the magistrate judge did not engage in any *post hoc* rationalization.

*Post hoc* rationalization occurs when an ALJ fails to provide a rationale for his analysis, and a reviewing court fills that gap. *Harvey v. Comm'r of Soc. Sec.*, No. 16-2366, 2017 WL 4216585, at *6–7 (6th Cir. Mar. 6, 2017). But that is not what happened here. Rather, the magistrate judge explained the applicable legal standards, reviewed the record, and determined that substantial evidence supported the ALJ's findings. Report, DN 20 at PageID# 1183–87. Such an explanation does not constitute *post hoc* rationalization. *See Motor Vehicle Mfr. Ass'n v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 50 (1983); *see also Nat'l Oilseed Processors Ass'n v.*

*Browner*, 924 F. Supp. 1193, 1204 (D.D.C. 1996) ("Post hoc rationalizations are precluded; post hoc explanations are not."). Accordingly, Claimant's objection will be overruled.

**B. Objection Two**

Claimant next objects to the evaluation of Dr. Whitten's medical opinion. Specifically, Claimant asserts that the ALJ failed to explain why he omitted certain limitations from the RFC and the magistrate judge erred by misinterpreting the regulations and improperly adopting *post hoc* rationalization to account for the ALJ's failure. These claims have no merit.

First, Claimant simply concludes—without explanation—that Magistrate Judge Edwards misinterpreted 20 C.F.R. § 404.1520c(b)(1)[1] by finding that "ALJ Jones was not required to articulate how he 'considered each medical opinion [] finding from one medical source individually.'" Objections, DN 21 at PageID# 1199 (citing Report, DN 20 at PageID# 1193). But Claimant does not further develop this argument. Claimant fails to explain how the magistrate judge misinterpreted the regulation and does not provide any authority to support such a conclusion. Thus, this perfunctory argument is waived. *See Layne*, 192 F.3d 556 at 566.

Second, like Claimant's first objection, there is no *post hoc* rationalization here. There is no gap in the ALJ's decision that has been filled by the magistrate judge. *See Harvey*, No. 16-2366, 2017 WL 4216585, at *6–7. As detailed above, Magistrate Judge Edwards correctly explained in her Report that the ALJ need not "list out" the entirety of a medical source opinion to fit comfortably within the regulations. Report, DN 20 at PageID# 1193 (citing *Napier*, 127 F. 4th at 1007). "The regulations explain that where a medical source opines on multiple functional abilities, the ALJ need not discuss each opinion individually; rather, the ALJ need only discuss the medical source's opinions as a whole, "using the [applicable] factors . . . as appropriate." *Trumble*

---

[1] The Report, DN 20, contains a clerical error on PageID# 1193. "20 C.F.R. § 404.1520c(b)(2)" should instead read "20 C.F.R. § 404.1520c(b)(1)."

*v. Comm'r. of Soc. Sec.*, No. 2:22-CV-11917, 2023 WL 3312649, at *12 (E.D. Mich. Mar. 15, 2023), report and recommendation adopted, No. 22-CV-11917, 2023 WL 3309838 (E.D. Mich. May 8, 2023) (citing 20 C.F.R. § 404.1520c(a)) (rejecting the claimant's argument that the ALJ erred by not explicitly discussing certain medical source opinion limitations). Rather, Magistrate Judge Edwards provided an explanation of ALJ Jones' articulation of the medical opinions and concluded that substantial evidence supported the ALJ's overall analysis of the opinion. This explanation does not amount to *post hoc* rationalization. *See Motor Vehicle Mfr. Ass'n*, 463 U.S. at 50. Thus, the Court will overrule Claimant's second objection.

## CONCLUSION

For the reasons stated herein, Claimant's Objections [**DN 21**] are **OVERRULED.** The Court ADOPTS the Magistrate Judge's Report and Recommendation [**DN 20**], **except as modified above in footnote one**, as the opinion of this Court. Lastly, the Commissioner's final determination denying Claimant's supplemental security income and disability insurance benefits is **AFFIRMED**. A corresponding judgment will follow. There being no just reason for delay, this is a final Order.

**IT IS SO ORDERED.**

July 21, 2026

Charles R. Simpson III, Senior Judge
United States District Court

9